IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER ERNEST HEARE, SR., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-1257 |
| | : | |
| SUPERINTENDENT BICKELL, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

July 9, 2015

**Background**

Roger Ernest Heare, Sr., an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania, (SCI-Huntingdon), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Service of the petition was previously ordered.

Petitioner was arrested by the Pennsylvania State Police in Antrim Township, Franklin County on May 20, 2010 and charged with terroristic threats (3 counts); simple assault (3 counts); disorderly conduct (1 count); and recklessly endangering another person (3 counts).  The charges stemmed from a disturbance

at Nancy Fox's residence[1] and involved an allegedly intoxicated Heare, Fox, her daughter (Anita Seville) and her grandson (Scott Seville).

While subsequently incarcerated at the Franklin County Prison, Petitioner was additionally charged with 2 counts of intimidation of a witness/victim based upon a threatening letter he purportedly sent to Fox in an effort to prevent Fox and her family members from testifying at Heare's upcoming preliminary hearing.

Petitioner entered a not guilty plea and waived formal arraignment on July 21, 2010. Heare and his counsel attended a March 4, 2011 pre-trial conference at which times jury selection was scheduled for September 12, 2011 and trial for September 15, 2011. A final pre-trial conference was held as scheduled on September 5, 2011. On September 12, 2011, Petitioner and his counsel attended jury selection. Heare failed to appear, however, for his September 15, 2011. jury trial. After a 45 minute delay and the denial of a motion for continuance by defense counsel the trial proceeded in Petitioner's absence.[2]    Following a one day trial, Heare was found guilty in absentia of terroristic threats (2 counts); simple assault (2 counts); disorderly conduct (1 count); recklessly endangering

---

[1]   The Petition indicates that Petitioner was Fox's tenant.

[2]   During the delay there were multiple unsuccessful attempts to reach Heare by telephone. It was also noted that Petitioner was 67-68 years old, resided approximately 13-15 miles away, was most likely riding a bicycle, and would be traveling in rainy weather.

2

another person (2 counts) and intimidation of a witness/victim (2 counts).[3] It is undisputed that Petitioner voluntarily appeared at the Franklin County Courthouse the following day, September 16, 2011 (after his trial had concluded) and was placed under arrest. This is not in dispute.

Petitioner was sentenced on November 9, 2011 to an aggregate sentence of 6 years, 2 months to 13 years, 8 months. Following denial of post-trial motions, petitioner filed an appeal to the Pennsylvania Superior Court which was ultimately denied as frivolous on February 12, 2013. See Commonwealth v. Heare, 68 A.3d 361 (Pa. Super 2013)(Table); Doc. 13-2, p. 64. The Pennsylvania Supreme Court denied Heare's petition for allowance of appeal on October 16, 2013. See Commonwealth v. Heare, 77 A.3d 1259 (Pa. 2013)(Table); Doc. 13-2, p. 71.

On August 19, 2014, Heare filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[4] His PCRA petition was denied by the trial court on December 15, 2014. See id. at p. 72.

Heare now seeks federal habeas corpus relief pursuant to § 2254. His lengthy (73 page) Petition is a repetitive, at times illegible, narrative. Heare

---

[3] Heare was found not guilty of one count each of terroristic threats, simple assault and recklessly endangering.

[4] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

indicates that he is seeking relief on the grounds that his trial counsel provided ineffective assistance. Based upon a liberal construction of the pro se filing, Petitioner contends that following completion of jury selection his trial attorney told him the wrong trial date, September 16, 2011 as opposed to September 15, 2011. See Doc. 1, pp. 3, 19. The Petition includes a description of Plaintiff's medical problems, personal history, and asserts that if present at trial, he would have testified that the victims concocted the charges to prevent Heare from implicating them in the murder of another individual. In addition, Petitioner contends that his testimony would have set forth additional facts regarding the victims, arresting officer, and others involved in this state criminal prosecution.

Respondent counters that "[t]he fact that petitioner did not appear for jury trial does not mean that trial counsel's representation was deficient." Doc. 14, p. 6.

**Discussion**

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by

a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[5]  See generally, Knowles v. Mirzayance, 556 U.S. 111, 114 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The United States Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus

---

[5]   Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

> of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e) (1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D.N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States

Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). In Deputy, the United States Court of Appeals for the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey

v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted).[6] At the time of Petitioner's state court proceedings, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Pierce, 527 A.2d 973, 975-77 (Pa. 1987). The Third Circuit has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland. Jacobs v.

---

[6] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the United States Supreme Court for the adjudication of ineffective assistance claims**.**

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of Strickland or were based on an unreasonable determination of the facts. Jacobs, 395 F.3d at 107 n.9; Werts, 228 F.3d at 204.

As previously noted, Petitioner claims entitlement to relief on the sole grounds that his trial attorney provided ineffective assistance by purportedly telling to appear for trial on the wrong date. It is initially noted that although Heare did not appear at the date and time fixed for his trial this is does not appear to be a case where a criminal defendant fled to avoid prosecution; the undisputed record shows that he voluntarily appeared at the Franklin County Courthouse one day after his trial commenced and ended. Thus, the issue for this Court to resolve is whether the Petitioner's untimely appearance was due to a deficient performance of trial counsel or simply the result of a mistake by the Petitioner.

It is alsoundisputed that during a pre-trial conference conducted on March 4,m 2011 Heare's case was initially scheduled for trial on September 15, 2011.

During a post-sentence motion hearing, Petitioner testified that he was present for jury selection on Monday, September 12, 2011. Doc. 13-1, p. 65, N.T. p. 15, lines 4-13. It is additionally undisputed that the trial date of Thursday, September 15, 2011 was discussed with prospective jurors throughout that proceeding. Plaintiff stated that although present for jury selection, he did not pay a lot of attention to the proceedings, he didn't remember exactly what happened, and that he doesn't remember generally.

Heare added that he has always been "bad with dates" Id. p. 64, N.T. p. 10, line 10. Petitioner later reiterated "[d]ates is my worst thing" and that he cannot even remember his children's birth dates. Id., p. 66, N.T. p. 19, line 15. He also admitted that he was originally informed that his trial date was September 15, 2011 and that when his lawyer later told him a different date, he did not question the change. See id. at N.T. p. 11, lines 6-9.

Petitioner further testified that he was in poor health and that "my mind erases all numbers" when asked about the trial date being set for September 15, 2011. Id. at p. 67, N.T. p. 20, line 15. Petitioner also admitted that his trial counsel had told him more than once that the trial date was September 15, 2011 and indicated that it was only after the completion of jury selection on September 12, 2011 that trial counsel told him more than once that the trial date was September 16, 2011. Trial Counsel stated on the record at the post-sentence

10

motion hearing that he didn't "have any specific recollection of having told Mr. Heare another date other than the 15th for trial." Id. At p. 68, N.T. p. 24, lines 16-18. Moreover, it was his common practice to provide each of his clients with a written card listing the trial date.

The Superior Court in addressing this issue concluded that since Petitioner was present for jury selection, he was aware that his trial had commenced and was properly found to have waived the right to be present at trial by not appearing for the remaining trial proceedings. See Doc. 13-2, p. 67. Thus, it was a proper exercise of the trial court's discretion to proceed with trial rather than grant trial counsel's request for a continuance. The Superior Court added that the trial court "indicated that it did not believe Appellant's testimony that his trial counsel told him the trial date was September 16, 2011" and that there was no basis to reject that credibility determination. Id. at p. 68.

Given Petitioner's admitted memory problems, trial counsel's statement during the post-sentence motion hearing, the undisputed fact that there were multiple instances where the trial date of September 15, 2011 was discussed in his presence (notably during jury selection just three days prior to trial), and the complete lack of any evidence supporting Heare's claim that trial counsel provided him with an erroneous trial date, the Petitioner has failed to satisfy his burden under § 2254(e)(1) of showing by clear and convincing evidence that the

11

credibility determination made by the Pennsylvania state courts with respect to that issue was incorrect.

Petitioner's own testimony supports a determination that he simply forgot the trial date. It does not provide a sufficient basis for a finding by this Court that there was an unreasonable determination of the facts by the state court which found that Heare's testimony that his non-appearance was the result of an error by trial counsel lacked credibility.   There is also no viable grounds for a conclusion that the state court decision was contrary to United States Supreme Court precedent. Since Petitioner has not established by clear and convincing evidence that his non-appearance at trial was the result of ineffective assistance of counsel, there is no basis for federal habeas corpus relief

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge